ALMB 6-hardship (01/2008)

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

**In re: Brenda Townsend**

**Debtor**

Case No. 08-31533

Chapter 13

## MOTION FOR HARDSHIP DISCHARGE UNDER 11 U.S.C. SECTION 1328(b) AND DEBTOR'S CERTIFICATION OF COMPLIANCE WITH 11 U.S.C. SECTION 1328

COMES NOW the debtor(s), and moves this Honorable Court for entry of a hardship discharge under section §1328(b) of the Bankruptcy Code and in support of said motion certifies and states as follows:

1. That on **August 5, 2008,** the debtor(s) filed a petition for relief under Chapter 13 of the Bankruptcy Code, and on **October 20, 2008,** this Court entered an order confirming the debtor's plan.

2. That subsequent to confirmation, circumstances have changed whereby debtor is unable to complete payments under this confirmed chapter 13 plan due to circumstances beyond her control, namely health problems due to a double carpal tunnel condition that the Debtor is presently not receiving workers compensation benefits. The condition may be job related, but this is denied by the employer and due to the nature of the injury and the likelihood of physical recovery, the debtor will probably not be able to find an attorney to bring a civil action for workers compensation recovery.

3. Debtor's failure to complete payments under the plan is due to circumstances for which debtor should not justly be held accountable.

4. The value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor(s) had been liquidated under Chapter 7. The dividend which creditors would have received had this been a Chapter 7 case is 0%. The dividend which has been paid to unsecured creditors in this case is approximately **0%**.

5. Modification of debtor's plan is not practicable.

6. The Debtors Chapter 13 plan was filed after October 17, 2005, and the Debtors.

7. The debtor is attempting to discharge all debtd:

8. Certification concerning 11 U.S.C. § 1328(h): The debtor certifies that 11 U.S.C. § 522(q)(1) is not applicable to the debtor(s), and there is not pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

9. The debtor(s) has not received a discharge under chapter 7, 11, or 12 in a case filed during the 4-year period preceding the filing of the instant case and has not received a discharge under chapter 13 in a case filed during the 2-year period preceding the filing of the instant case.

10. The Debtor has completed her end term financial management course.

WHEREFORE, debtor(s) respectfully prays that this Court will enter discharge under 11 U.S.C. Section 1328(b).

By signing this motion/certification, I/we acknowledge that all of the statements contained herein are true and accurate and that the Court may rely on each of these statements in determining whether to grant me/us a discharge in this Chapter 13 case. The Court may revoke my/our discharge if the statements relied upon herein are proven to be inaccurate.

April 6, 2010
Date

/s/ Brenda Townsend
Debtor


Joint Debtor


/s/ Richard D. Shinbaum
ASB-8638-B54R Attorney for Debtor
Shinbaum, McLeod & Campbell
566 South Perry
Montgomery, Alabama
(334)269-4440
Fax (334)263-4096

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Motion for Discharge was served upon all creditors and parties in interest as follows:

**by CM/ECF:**
Curtis C. Reding, Trustee
Teresa Jacobs, Bankruptcy Administrator


**by Electronic transsission:**


**Other:**


April 6, 2010
Date


/s/Richard D. Shinbaum
Attorney for Debtor